IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-29,358-03




 


EX PARTE STEVIE GLENN WINSTON, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER W89-81523-H(B) IN THE CRIMINAL

DISTRICT COURT NO. 1 DALLAS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of unlawful possession of a controlled substance and was
sentenced to ten years and one day in prison. The conviction was affirmed on direct appeal
in an unpublished opinion. Winston v. State, 05-89-01208-CR (Tex. App.--Dallas, delivered
April 15, 1991, pet. ref'd).

 In this application, Applicant contends that he is not being credited with street-time
earned while on conditional release. Additional information is necessary to resolve this
street-time claim.

 Because this Court does not hear evidence, though, the trial court is the appropriate
forum. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). Thus, the trial
court shall resolve this issue as set out in Article 11.07, Section 3(d), of the Texas Code of
Criminal Procedure, in that it shall order the Classification and Records Division as well as
the Parole Division of the Texas Department of Criminal Justice to file affidavits, with
supporting documentation, addressing this issue. The trial court may also order depositions,
interrogatories, or hold a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding whether Applicant has properly exhausted this claim
under Section 501.0081 of the Government Code and whether he has received the proper
credit on his sentence. The trial court may also make any further findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, these applications for a post-conviction writs of habeas corpus will be held in
abeyance pending the trial court's compliance with this order. Resolution of the issues shall
be accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: June 28, 2006

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.